## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 03 2017, 9:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryan K. Coulter
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael L. Zackmire,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 3, 2017<br><br>Court of Appeals Case No.<br>23A01-1701-CR-202<br><br>Appeal from the Fountain Circuit Court<br><br>The Honorable Stephanie S. Campbell, Judge<br><br>Trial Court Cause No.<br>23C01-1509-F3-407 |

**Altice, Judge.**

**Case Summary**

[1] Michael Zackmire pled guilty to two counts of Level 3 felony rape. The trial court sentenced Zackmire to nine years executed for each conviction and ordered the sentences to be served consecutively, for an aggregate sentence of eighteen years. Zackmire appeals, challenging the sentence imposed in two respects: 1) Zackmire contends that the trial court abused its sentencing discretion and 2) he claims that his sentence is inappropriate.

[2] We affirm.

## Facts & Procedural History

[3] On September 15, 2015, the State charged Zackmire with four counts of Level 3 felony rape. The trial court held a combined plea and sentencing hearing on December 22, 2016. Pursuant to the terms of a plea agreement, Zackmire agreed to plead guilty to two counts of Level 3 felony rape in exchange for dismissal of the remaining charges. The plea agreement also provided that sentencing would be left to the trial court's discretion. At the guilty plea hearing, Zackmire agreed with the factual basis for his convictions—that between the dates of August 1, 2015, and September 8, 2015, he had sexual intercourse and other sexual contact with J.S., a twenty-four-year-old female for whom Zackmire was co-guardian and who was mentally incapable of

consenting to sexual intercourse or other sexual contact.[1]  The trial court accepted Zackmire's guilty plea.

[4]     During the sentencing portion of the hearing, the trial court noted that it considered the pre-sentence investigation report (PSI) and arguments of counsel.  The PSI indicated that Zackmire was fifty-two years old when he committed the instant offenses.  J.S. was Zackmire's niece[2] and Zackmire had guardianship over her for approximately a year and a half before he raped her.  The PSI also indicated that Zackmire had no prior criminal history.  In his statement of the offense for purposes of the PSI, Zackmire claimed that at the time he committed these offenses, he was under a lot of stress, drinking heavily, and having marital problems.

[5]     In pronouncing the sentence, the trial court made the following sentencing statement:

> The Court finds as an aggravating circumstance that you were in a position of trust over this young lady.  That is considered aggravating, not because it's just simply a position of trust over this young lady, you were her court appointed guardian to protect her and you took advantage.  You manipulated that position as her caregiver for your own personal satisfaction.  You were in a position of care, custody and control over this young lady.  This factor is considered aggravating because the victim had been placed in the home that you shared with the victim's

---

[1] The victim's mental age is reportedly twelve years of age.

[2] Zackmire was adopted as an infant and thus his niece is not a blood relative.

co-guardian and you failed to protect her while the co-guardian was at work and away from the home. The nature of the crime is considered as aggravating because these events were not isolated. You demonstrated a pattern of abusive behavior over a several week period. The victim was a virgin prior to your acts and you took from her the beauty of what a loving, physical relationship could be. You caused her physical pain. You have created in her a general lack of trust and fear of men. The Court finds as a mitigating factor your remorse. Factor is considered mitigating because you have apologized. You have acknowledge [sic] your guilt for your actions and did not put the victim through the pain of testifying at trial. Your lack or prior criminal history is considered a mitigating factor. The fact that the crime was a result of circumstances unlikely to reoccur is a mitigating factor. That it may create an undue hardship on you is considered a mitigating factor. But the Court gets to balance mitigators against aggravators and in this case the Court does give weight to your expression of remorse and lack of prior criminal history, and it gives substantial weight to the aggravators.

*Transcript of 12-22-16* at 17-19. The trial court then sentenced Zackmire to the advisory sentence of nine years[3] on each count and ordered the sentences to be served consecutively, for an aggregate sentence of eighteen years executed. The trial court then explained its reasons for ordering consecutive sentences:

[T]he offenses were committed over a period of time. There were days between your offenses which allowed you time to consider the crimes you were committing and the impact those offenses could have on your victim. You stole from your victim her right

---

[3] *See* Ind. Code § 35-50-2-5 ("[a] person who commits a Level 3 felony (for a crime committed after June 30, 2014) shall be imprisoned for a fixed term of between three (3) and sixteen (16) years, with the advisory sentence being nine (9) years").

to determine who and when she would surrender her virginity to. You caused pain and physical injury to the victim. You took advantage of her [sic] position of trust and care of the victim. Your victim is disabled as defined by Indiana law and you knew what her disability was.

*Id*. at 19. Zackmire now appeals.

## Discussion & Decision

### 1. Abuse of Discretion

[6] Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id*. at 490 (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id*. at 490-91. Because trial courts are no longer obligated to weigh aggravating and mitigating factors when imposing a sentence, a trial court cannot be said to have abused its discretion in failing to properly weigh such factors. *Id*. at 491.

[7] Zackmire first argues that the trial court abused its sentencing discretion in finding as separate aggravating factors that he was in a position of trust with the victim and that he was in a position of care, custody, and control. Zackmire claims that these aggravators are essentially the same and should have been considered as one aggravator, not two.[4]

[8] Zackmire does not argue that the trial court's considerations were improper, but rather, seems to suggest that the balancing and weighing of aggravators and mitigators is a product of comparing enumerated lists of aggravators and mitigators with the greatest weight given to the longest list. This is simply not the case. Here, the trial court carefully and thoughtfully discussed the aggravating and mitigating circumstances and articulated the weight and balancing of such factors in deciding what sentence to impose. We find no abuse of discretion in the trial court's consideration of the fact that Zackmire was in a position of trust as a court appointed co-guardian of J.S. and that he also was in a position of care, custody, and control when he was solely responsible for J.S. while the co-guardian was at work.

---

[4] In its written sentencing order, the trial court stated:

(1) [Zackmire] was in a position of trust. This factor is considered as aggravating in that the victim was under his care as her court appointed guardian. [Zackmire] manipulated his position as her caregiver for his own personal satisfaction;

(2) [Zackmire] was in a position of care, custody and control. This factor is considered as aggravating because the victim had been placed in the home he shared with the victim's co-guardian and he failed to protect her while the co-guardian was at work.

*Appellant's Appendix Vol. 3* at 46-47.

[9]     Zackmire argues that the trial court abused its discretion in finding that the victim had been a virgin because such finding was "not fully supported by the record." *Appellant's Brief* at 9. As Zackmire notes, however, such fact is noted in the probable cause affidavit that was included in the pre-sentence investigation report and Zackmire did not object to inclusion of such information therein. There is thus evidence in the record to support the trial court's finding in this regard.

[10]    Zackmire also argues that the trial court abused its discretion in ordering the sentences to run consecutively. As set out above, the trial court explained the reasoning behind its decision to impose consecutive sentences, specifically noting that the offenses were committed over a period of time and that Zackmire had time to consider the crimes he was committing and the impact they had on J.S. Zackmire claims that imposition of consecutive sentences requires more than this "single statement." *Appellant's Brief* at 10.

[11]    We disagree with Zackmire. Here, the trial court identified several aggravating factors, including the repeated nature of the offenses, that the victim suffered physical and emotional pain, that Zackmire abused a position of trust, and also that the victim was disabled. The trial court articulated its balancing of these factors with the identified mitigators. The trial court clearly identified several aggravating factors and provided more than a single statement in explaining its decision to impose consecutive sentences. The trial court did not abuse its discretion in ordering Zackmire's advisory sentences to be served consecutively.

## 2. Appropriateness

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. *Alvies v. State*, 905 N.E.2d 57, 64 (Ind. Ct. App. 2009) (citing *Anglemyer*, 868 N.E.2d at 491). This appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Anglemyer*, 868 N.E.2d at 491. Nevertheless, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The appellant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[12] Here, Zackmire pled guilty and received the advisory sentence of nine years for both offenses when he could have received up to sixteen years for each offense. The trial court ordered the sentences to be served consecutively. The starting point that the Legislature has selected as an appropriate sentence for a crime is the advisory sentence. *Anglemyer*, 868 N.E.2d at 494. Therefore, when the trial court imposes the advisory sentence, the defendant bears a heavy burden in

persuading this court that the sentence is inappropriate. *McKinney v. State*, 873 N.E.2d 630, 647 (Ind. Ct. App. 2007), *trans. denied*.

[13] With regard to the character of the offender, Zackmire asserts that he has cooperated with authorities since the beginning of their investigation, that he has no criminal history, that he is remorseful, that his overall risk assessment places him in the low risk category to reoffend, and that he accepted responsibility by pleading guilty thereby saving his victim the pain of testifying at trial. He also points out that he owns a successful trucking company and that he voluntarily sought out counseling prior to sentencing. As did the trial court, we accept these factors as having some mitigating weight, but not as redeeming character traits in light of the nature of the offense.

[14] The nature of the offense justifies the sentence imposed. Zackmire raped his mentally disabled niece, over whom he had a guardianship, approximately seven times in a period of a little more than a month. Zackmire admitted that he knew J.S. could not make adult decisions and that she had the mental capacity of a twelve-year-old. Moreover, after he committed his offenses, he tried to cover them up by warning J.S. not to tell anyone and making her shower after he raped her. In her victim impact statement, J.S. wrote that she cannot trust men and has been depressed. The nature of the offenses supports the trial court's imposition of consecutive, advisory sentences for an aggregate sentence of eighteen years.

[15] Judgment affirmed.

Kirsch, J. and Mathias, J., concur.